# EXHIBIT A

**ORIGINAL**

FILED
JAN 22  10 45 AM '10

```
COMP
DAVID C. NELSON, ESQ.
Nevada Bar No. 006073
TRENT L. RICHARDS, ESQ.
Nevada Bar No. 011448
LAW OFFICES OF DAVID C. NELSON
228 South Fourth Street, Second Floor
Las Vegas, Nevada 89101
Telephone: (702) 385-5595
Facsimile:  (702) 385-5593
E-mail: litigation@dcnlawfirm.com
Attorneys for Plaintiff
Parball Corporation d/b/a Bally's Las Vegas
```

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| PARBALL CORPORATION, a Nevada corporation, doing business as BALLY'S LAS VEGAS,<br><br>              Plaintiff,<br>v.<br><br>MODEL SEARCH INTERNATIONAL, LLC, a Florida limited liability company, doing business as MODEL SEARCH AMERICA, MODEL NETWORK, INC., a corporation, doing business as MODEL SEARCH AMERICA, RICHARD TROOST also known as RICK TROOST, an individual, DOES I through XX, and ROE CORPORATIONS I through XX,<br><br>              Defendants. | Case No: A-10-608672-C<br>Dept No: X<br><br>A-10-608672-C<br>646356 |

## COMPLAINT

COMES NOW, the Plaintiff, PARBALL CORPORATION doing business as BALLY'S LAS VEGAS, by and through its counsel, David C. Nelson, Esq., of the LAW OFFICES OF DAVID C. NELSON, and alleges as follows:

RECEIVED
JAN 22 2010
CLERK OF THE COURT

-1-

## GENERAL ALLEGATIONS

1. Plaintiff, PARBALL CORPORATION doing business as BALLY'S LAS VEGAS ("*Plaintiff*"), is and, at all times mentioned herein, was a corporation organized and existing under and by virtue of the laws of the State of Nevada doing business in Clark County, Nevada. Plaintiff was formerly doing business in Clark County, Nevada under the trade name of BALLY'S/PARIS LAS VEGAS.

2. Plaintiff is informed and believes and therefore alleges that Defendant, MODEL SEARCH INTERNATIONAL, LLC, doing business as MODEL SEARCH AMERICA ("*Model Search*"), was, at all times mentioned herein, a limited liability company formed under the laws of the State of Florida.

3. Plaintiff is informed and believes and therefore alleges that Defendant, MODEL NETWORK, INC., doing business as MODEL SEARCH AMERICA ("*Model Network*"), was, at all times mentioned herein, a corporation formed under the laws of the State of Florida and/or the State of New York.

4. Plaintiff is informed and believes and therefore alleges that Defendant, RICHARD TROOST also known as RICK TROOST ("*Mr. Troost*"), is and, at all times mentioned herein, was: (a) over the age of majority; (b) not in the service of the United States military; (c) not incompetent; and (d) a resident of the State of Florida and/or the State of New York.

5. That the true names or capacities, whether individual, corporate, associate or otherwise of Defendants, DOES I through XX and/or ROE CORPORATIONS I through XX, inclusive, are unknown to Plaintiff, who, therefore, sues said Defendants by such fictitious names. Plaintiff is informed and believes, and therefore alleges, that each of the Defendants designated as DOE and/or ROE CORPORATIONS are responsible in some manner for the

events and happenings herein referred to, and caused damages to Plaintiff as herein alleged; that Plaintiff will ask leave of this Court to amend this Complaint to insert the true names and capacities of said Defendants, DOES I through XX and/or ROE CORPORATIONS I through XX, inclusive, when the same have been ascertained by Plaintiff, together with appropriate charging allegations, and to join such Defendants in this action. Specifically, Plaintiff will ask leave to amend to include any and all culpable managers, members, officers, directors, shareholders, owners, affiliates and/or agents of Model Search, Model Network, and/or Mr. Troost as Defendants herein.

6. Plaintiff is informed and believes and therefore alleges that, at all times relevant hereto, Model Search, Model Network, Mr. Troost, Does I through XX and Roe Corporations I through XX (collectively, "*Defendants*") were affiliates, joint venturers, had an agency relationship and/or that those parties were each the alter egos of one another, such that they are jointly and severally obligated for the amounts owing to Plaintiff as alleged herein.

7. Plaintiff is informed and believes and therefore alleges that, at all times mentioned herein, Mr. Troost, Does I through XX and Roe Corporations I through XX, and each of them, were managers, members, officers, directors, shareholders, owners, affiliates and/or agents of Model Search, Model Network, Does I through XX and Roe Corporations I through XX, and were acting within the course and scope of this agency and/or employment, with the permission, authorization and/or consent of their co-Defendants. Therefore, Mr. Troost, Does I through XX and Roe Corporations I through XX are sued individually and in their capacity as managers, members, officers, directors, shareholders, owners, affiliates and/or agents of Model Search, Model Network, Does I through XX and Roe Corporations I through XX.

8. Plaintiff is informed and believes and therefore alleges that Mr. Troost, Does I

through XX and Roe Corporations I through XX, and each of them, have used the corporate forms of Model Search and Model Network, if any, to wrongfully generate income for themselves and/or entities owned and/or controlled in whole or in part by said Defendants, to the detriment of Plaintiff. In so doing, Plaintiff is informed believes and therefore alleges that Mr. Troost, Does I through XX and Roe Corporations I through XX have utilized the corporate forms of Model Search and Model Network as their personal businesses and alter egos, undercapitalized Model Search and Model Network, intermingled business funds, failed to properly maintain Model Search and Model Network as distinct entities, and misrepresented their capacities with Model Search and Model Network and the nature of the Model Search and Model Network entities, if any, thereby defrauding Plaintiff, such that recognizing Model Search and Model Network as distinct entities would result in fraud and injustice upon Plaintiff and the corporate veils of Model Search and Model Network, if any, should be deemed pierced and set aside and Mr. Troost, Does I through XX and/or Roe Corporations I through XX held jointly and severally liable for the amounts owing to Plaintiff as alleged herein.

9. The transactions between Plaintiff and Defendants, which are the subject matter of this lawsuit, occurred in Clark County, Nevada and the written Agreements (as defined below) specifically provide that Clark County, Nevada is the proper forum for this suit.

## FACTS COMMON TO ALL CLAIMS

**December 2007 Event**

10. Defendants executed a Letter of Agreement, dated June 6, 2007 and later amended by an addendum dated November 2, 2007 (collectively, the "*Agreement for December 2007 Event*"), with Plaintiff pursuant to which Defendants utilized guest rooms and held an event commonly referred to as "Model Search America" at Plaintiff's hotel from on or about

December 12, 2007 through on or about December 16, 2007 (the "***December 2007 Event***") in Clark County, Nevada.

11. Pursuant to the Agreement for December 2007 Event, Defendants are responsible to pay Plaintiff for all banquet services, catered food and beverage, the use of audio visual equipment, guestrooms and all other services and incidental charges (collectively, the "***Services***") provided to Defendants by Plaintiff as part of the December 2007 Event.

12. Defendants held the December 2007 Event and Plaintiff provided the Services relating thereto in the total amount of Six Hundred Seventy-Seven Thousand Two Hundred Seventy-Nine and 61/100 U.S. Dollars ($677,279.61).

13. Defendants made an initial deposit on Defendants' account with Plaintiff in the total amount of Two Hundred Forty-Nine Thousand Five Hundred Fifty-Three and 04/100 U.S. Dollars ($249,553.04).

14. Upon the conclusion of the December 2007 Event, Defendants failed to pay the balance of Four Hundred Twenty-Seven Thousand Seven Hundred Twenty-six and 57/100 U.S. Dollars ($427,726.57) owing to Plaintiff for the Services provided pursuant to the Agreement for December 2007 Event.

**Agreement for August 2008 Event**

15. Plaintiff and Defendants were also parties to a Letter of Agreement, dated January 8, 2008 (the "***Agreement for August 2008 Event***" and collectively with the Agreement for December 2007 Event, the "***Agreements***"), pursuant to which Defendants reserved a block of guestrooms and were scheduled to hold another "Model Search America" event at Plaintiff's hotel from on or about July 30, 2008 through on or about August 4, 2008 (the "***August 2008 Event***").

16. Defendants wholly failed to perform under the Agreement for August 2008 Event and cancelled the August 2008 Event.

17. As a result of Defendants' failure to perform under the Agreement for August 2008 Event, Plaintiff is entitled to damages as alleged herein.

18. Employees and/or representatives for Plaintiff have attempted to contact Defendants for payment of the outstanding amounts owing pursuant to the Agreements, but were unsuccessful.

19. Pursuant to the express terms of the Agreements, Plaintiff is also entitled to recover Plaintiff's costs of collection, including, but not limited to, its attorneys' fees, costs of suit and interest at the contract rate of eighteen percent (18%) per annum relating to the amounts owing under the Agreements.

20. Plaintiff is informed and believes and therefore alleges that Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff, and not specified herein. Plaintiff reserves the right to assert additional damages not referenced herein, and/or to present evidence of the same at the time of trial.

### FIRST CLAIM FOR RELIEF

**(Breach of Written Contract)**

21. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 20 above, as if fully set forth herein.

22. The Agreements each constitute valid and enforceable written agreements between Plaintiff and Defendants pursuant to which Defendants are required to pay Plaintiff the amounts owing as set forth therein.

23. Defendants have breached the Agreements by failing to pay Plaintiff the past due

amounts owing pursuant to the Agreements.

24. As a direct and proximate result of Defendants' breach of the Agreements, Plaintiff has been damaged in an amount in excess of Ten Thousand and No/100 U.S. Dollars ($10,000.00), plus interest thereon at the contract rate of eighteen percent (18%) per annum as provided in the Agreements.

25. Plaintiff has been required to retain the services of attorneys in order to prosecute this action and is entitled to recover its attorneys' fees and costs of suit incurred herein as provided in the Agreements.

## SECOND CLAIM FOR RELIEF

**(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

26. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 25 above, as if fully set forth herein.

27. Within the State of Nevada, a duty of good faith and fair dealing is presumed within all contracts, including the Agreements.

28. Defendants have breached this implied covenant of good faith and fair dealing by acting contrary to the justified expectations of Plaintiff as alleged herein.

29. As a direct and proximate result of Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiff has been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), to be shown specifically at the time of trial, plus interest thereon at the contract rate of eighteen percent (18%) per annum as provided in the Agreements.

30. Plaintiff has been required to retain the services of attorneys in order to prosecute this action and is entitled to recover its attorneys' fees and costs of suit incurred herein as provided in the Agreements.

### THIRD CLAIM FOR RELIEF

### (Intentional Misrepresentation/Fraud)

31. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 30 above, as if fully set forth herein.

32. Defendants, and each of them, made intentional misrepresentations and failed to disclose material facts to Plaintiff, before each of the Agreements were entered into. Specifically, these affirmative misrepresentations and material omissions include, but are not limited to: (i) false statements and promises with regard to Defendants' financial status and ability to pay debts when due; (ii) false statements and promises that Defendants had the ability to fully perform under the Agreement for December 2007 Event; (iii) false statements and promises that Defendants would timely pay Plaintiff for the amounts incurred by Defendants in relation to the December 2007 Event; (iv) omitting to inform Plaintiff that Defendants had no ability and/or intent to pay for the Services received from Plaintiff as part of the December 2007 Event; (v) false statements and promises that Defendants had the ability to fully perform under the Agreement for August 2008 Event; and (vi) omitting to inform Plaintiff that Defendants had no ability and/or intent to perform under the Agreement for August 2008 Event.

33. These intentional misrepresentations and material omissions by the Defendants were intended to induce reliance by Plaintiff.

34. Plaintiff did rely upon said intentional misrepresentations and material omissions by entering into the Agreements.

35. As a direct and proximate result of the intentional misrepresentations and material omissions by Defendants, Plaintiff has been damaged in an amount in excess of Ten Thousand and No/100 Dollars ($10,000.00) to be shown specifically at the time of trial, together with

-8-

1 | interest thereon.

2 | 36. The Defendants' conduct, as described herein, was done with a conscious disregard of Plaintiff's rights and with knowledge that such conduct would injure Plaintiff, so as to constitute oppression, fraud or malice. In order to punish the Defendants and set an example and thereby prevent others from being treated in this manner, exemplary damages are necessary. Accordingly, in addition to their actual damages, Plaintiff is entitled to recover punitive and exemplary damages against the Defendants in an amount to be determined to be reasonable under the circumstances consistent with NRS § 42.005.

37. Plaintiff has been required to retain the services of attorneys in order to prosecute this action and is entitled to recover its attorneys' fees and costs of suit incurred herein as provided in the Agreements.

### SEVENTH CLAIM FOR RELIEF

(Negligent Misrepresentation)

38. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 37 above, as if fully set forth herein.

39. Defendants, and each of them, negligently made misrepresentations and failed to disclose material facts to Plaintiff, before the Agreements were entered into by Plaintiff. Specifically, these affirmative misrepresentations and material omissions include, but are not limited to: (i) false statements and promises with regard to Defendants' financial status and ability to pay debts when due; (ii) false statements and promises that Defendants had the ability to fully perform under the Agreement for December 2007 Event; (iii) false statements and promises that Defendants would timely pay Plaintiff for the amounts incurred by Defendants in relation to the December 2007 Event; (iv) omitting to inform Plaintiff that Defendants had no

-9-

1  ability and/or intent to pay for the Services received from Plaintiff as part of the December 2007
2  Event; (v) false statements and promises that Defendants had the ability to fully perform under
3  the Agreement for August 2008 Event; and (vi) omitting to inform Plaintiff that Defendants had
4  no ability and/or intent to perform under the Agreement for August 2008 Event.

5  40. Defendants owed Plaintiff a duty of care not to negligently make said
6  misrepresentations and material omissions.

7  41. Defendants breached said duty by negligently making said misrepresentations and
8  material omissions to Plaintiff.

9  42. Plaintiff justifiably and reasonably relied upon said negligent misrepresentations
10  and omissions made by Defendants by entering into the Agreements.

11  43. As a direct and proximate result of the intentional misrepresentations and material
12  omissions by Defendants, Plaintiff has been damaged in an amount in excess of Ten Thousand
13  and No/100 Dollars ($10,000.00) to be shown specifically at the time of trial, together with
14  interest thereon.

15  44. Plaintiff has been required to retain the services of attorneys in order to prosecute
16  this action and is entitled to recover its attorneys' fees and costs of suit incurred herein as
17  provided in the Agreements.

**THIRD CLAIM FOR RELIEF**

**(Unjust enrichment/Quantum Meruit)**

45. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 44 above, as if fully set forth herein.

46. Plaintiff conferred a benefit upon Defendants by providing Defendants with Services relating to the December 2007 Event and by reserving space for Defendants for the

-10-

August 2008 Event.

47. Defendants accepted and retained these benefits.

48. Plaintiff is informed and believes and therefore alleges that Defendants have been unjustly enriched by reason of Defendants accepting the benefits received from Plaintiff and refusing to pay the reasonable value thereof in an amount in excess of Ten Thousand and No/100 Dollars ($10,000.00) to be shown specifically at the time of trial, together with prejudgment interest thereon.

49. Equity requires that Plaintiff be reimbursed in an amount equal to that by which the Defendants have been unjustly enriched, plus interest thereon.

50. Plaintiff has been required to retain the services of attorneys in order to prosecute this action and is entitled to recover its attorneys' fees and costs of suit incurred herein

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff herein prays this Court for its Judgment against Defendants, jointly and severally, as follows:

1. For damages, to be shown specifically at the time of trial, in excess of Ten Thousand and No/100 U.S. Dollars ($10,000.00) plus interest thereon;

3. For punitive and exemplary damages, in an amount to be determined at the time of trial;

4. For Defendants to be compelled to pay all amounts to Plaintiff by which Defendants have been unjustly enriched;

5. For attorneys' fees plus costs of suit incurred herein, including, without limitation, all costs, expenses, and attorneys' fees incurred and attendant to registration, enforcement, and collection of any Judgment rendered by this Honorable Court in favor of the Plaintiff and against

-11-

1. the Defendants as provided in the Agreements; and

2. 6. Any and all other and further relief as the Court deems proper.

3. DATED this 21st day of January 2010.

LAW OFFICES OF DAVID C. NELSON

By: /s/ David C. Nelson
David C. Nelson, Esq.
Nevada Bar No. 006073
Trent L. Richards, Esq.
Nevada Bar No. 011448
228 South Fourth Street, Second Floor
Las Vegas, Nevada 89101
Telephone: (702) 385-5595
Facsimile: (702) 385-5593
Attorneys for Plaintiff